UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY P. D'AIUTO, | : | |
| Plaintiff, | : | Civil Action No. 06-6222 (JAG) |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| CITY OF JERSEY CITY, CHIEF ROBERT TROY, individually and in his official capacity, CAPTAIN ROBERT TANIO, individually and in his official capacity, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, JOHN AND JANE DOES I-X, being fictitious persons, and JOHN AND JANE DOES XI-XX, being fictitious persons, individually and in their official capacities, | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendant National Railroad Passenger Corporation's ("Amtrak") motion to dismiss Plaintiff Anthony P. D'Aiuto's Complaint against Amtrak for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).  For the reasons set forth below, Amtrak's motion will be granted in part and denied in part.

**I.  INTRODUCTION**

Plaintiff, a former member of the Jersey City Police Department, and a former employee of Amtrak, initiated the instant action against Defendants City of Jersey City, Chief Robert Troy,

1

Captain Robert Tanio, Amtrak, and various unnamed defendants, on December 5, 2006, in New Jersey Superior Court. Plaintiff's Complaint alleges the following causes of action: (1) negligence; (2) negligent misrepresentation; (3) intentional misrepresentation; (4) intentional/malicious interference with prospective economic advantage; (5) intentional infliction of emotional distress; (6) civil conspiracy to commit a tort; (7) defamation; (8) invasion of privacy; (9) negligent supervision & training; (10) violations of 42 U.S.C. § 1983; (11) state constitutional tort; (12) breach of contract; (13) breach of the implied covenant of good faith and fair dealing; and (14) promissory estoppel. On December 26, 2006, Amtrak removed the action to this Court.

On February 9, 2007, Amtrak moved to dismiss Plaintiff's claims against it for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. Amtrak specifically argues that Plaintiff's at-will employee status defeats these claims. Amtrak also argues that Plaintiff's claims must be dismissed because he has released Amtrak from any liability, specifically and in writing.

In his opposition, Plaintiff acquiesces to the dismissal of Count Fifteen and Count Sixteen of his Complaint - his breach of contract and breach of the implied covenant of good faith and fair dealing claims against Amtrak. Plaintiff then goes on to argue that Count Seventeen – his promissory estoppel claim against Amtrak – should survive Amtrak's motion to dismiss. Because Plaintiff has conceded that his claims for breach of contract and breach of the implied covenant of good faith and fair dealing must be dismissed, this Court will only address Amtrak's arguments regarding Plaintiff's promissory estoppel claim.

## II.  FACTUAL BACKGROUND

Plaintiff alleges that he was employed by the City of Jersey City as a police officer until, on or about February 7, 2004, he retired in good standing from the Jersey City Police Department.  (Compl., ¶ 8.)  In or about August 2005, representatives of the Amtrak Department of Police and Security interviewed Plaintiff for a position as an Amtrak police captain.  (Id., ¶ 9.)  Plaintiff was hired as an Amtrak police captain in or about September 2005.  (Id., ¶ 10.)

At the time he accepted his position with Amtrak, Plaintiff contends he had been working full-time as a security manager for Continental Management, a provider of Section 8 housing.  (Id., ¶ 104.)  Plaintiff alleges that, in reliance on Amtrak's offer of full-time employment as a police captain, Plaintiff terminated his full-time employment with Continental Management.  (Id., ¶ 105.)

Shortly after Plaintiff was hired by, and had commenced his employment with, Amtrak, an investigator from Amtrak was assigned to complete a background investigation of Plaintiff.  (Id., ¶ 12.)  Plaintiff alleges that Robert Troy, the Chief of Police in Jersey City, improperly provided the Amtrak investigator with access to Plaintiff's internal affairs file.  (Id.)  Plaintiff contends he only authorized the release of his personnel file.  (Id.)

Plaintiff's internal affairs file allegedly contained documents concerning investigations into Plaintiff's conduct and notices of disciplinary action pertaining to administrative charges which were never served on Plaintiff.  (Id., ¶¶ 13-14.)  According to Plaintiff, the internal affairs file did not include the required disposition forms regarding the documented investigations and administrative charges.  (Id.)  Plaintiff alleges that his personnel file does not contain documents concerning notices of disciplinary action because no formal disciplinary action was taken in

regard to those notices. (Id., ¶ 15.)

Upon discovering the content of Plaintiff's internal affairs file, Amtrak allegedly forced Plaintiff to resign on the ground that, when he applied for the Amtrak position, he did not disclose the notices of disciplinary action and internal affairs investigations found in his file. (Id., ¶ 16.) Since he left his position at Amtrak, Plaintiff has resumed work for Continental Management, but only on a 20-hour-per-week basis. (Id., ¶ 105.)

### III.  DISCUSSION

#### A.  Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its

face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41).  Requiring that the pleaded facts render a claim "plausible" "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" what has been alleged to be true.  Twombly, 127 S. Ct. at 1965.

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46, abrogated on other grounds.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

This Court's review of a motion to dismiss for failure to state a claim is limited to the contents of the complaint, including any attached exhibits.  See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Caine v. Hardy, 943 F.2d 1406, 1411 n.5 (5th Cir. 1991).

### B.     Whether Plaintiff Adequately Has Stated A Claim For Promissory Estoppel

#### 1.     *Legal Standard Governing Claims For Promissory Estoppel*

To state a claim for promissory estoppel, a plaintiff must allege: "1) a clear and definite promise; 2) made with the expectation that the promisee will rely upon it; 3) reasonable reliance upon the promise; 4) which results in definite and substantial detriment." Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 499 (App. Div. 2003).  See also RESTATEMENT (SECOND) OF CONTRACTS § 90 ("A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires").

#### 2.     *Whether Plaintiff's Status As An At-Will Employee Or His Release Of Liability Precludes His Promissory Estoppel Claim*

Amtrak argues that Plaintiff's at-will employment status defeats his claim that he was given a "clear and definite" promise of employment.  Amtrak argues that because Plaintiff was aware that his employment was at-will, any alleged detrimental reliance by Plaintiff on Amtrak's offer of employment or the commencement of that employment, was unreasonable as a matter of law.  Amtrak further argues that an authorization signed by Plaintiff releasing Amtrak from liability or damages resulting from information produced via their background investigation, precludes Plaintiff from pursuing his promissory estoppel claim.

Amtrak's arguments are based, in their entirety, on evidence it has submitted with its motion, which falls outside the scope of the Complaint.  Amtrak specifically relies upon the content of Plaintiff's application for employment (Ford Decl., Exh. B), and the release signed by

6

Plaintiff, which authorized Amtrak to conduct its background investigation (Ford Decl., Exh. C); This Court cannot consider such evidence in deciding whether Plaintiff has pled adequately a claim for relief on a promissory estoppel theory. See Kulwicki, 969 F.2d at 1462; Caine, 943 F.2d at 1411 n.5. For this reason, Amtrak's motion to dismiss Plaintiff's promissory estoppel claim, pursuant to FED. R. CIV. P. 12(b)(6), is denied.[1]

---

[1] This Court notes that in its Reply brief, Amtrak argues that any reliance by Plaintiff on any purported implicit or explicit promises made by Amtrak were unreasonable given the Jersey City Police Department's disciplinary action against him. This argument similarly relies upon evidence falling outside the contours of the Complaint. (See Ford Decl., Exh. D.) As this Court has explained, it cannot consider such evidence in ruling on a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). See Kulwicki, 969 F.2d at 1462; Caine, 943 F.2d at 1411 n.5.

Additionally, Amtrak's argument that any reliance by Plaintiff was unreasonable was raised for the first time in its Reply. Amtrak also argues for the first time in its Reply that Plaintiff's Complaint fails to allege that he suffered a "substantial detriment," as is required to state a claim for relief on a promissory estoppel theory, and that the promissory estoppel theory cannot allow for recovery in this case because Amtrak has gained nothing from its decision to terminate Plaintiff's employment. (See Def.'s Reply at 5-7.)

"It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 12:107 (The Rutter Group 2005); see Gambra v. International Lease Financial Corp., 377 F. Supp. 2d 810, 827 n.18 (C.D. Cal. 2005) ("defendants' reply brief and supporting materials do not raise new matters and should not be stricken"); Burnham v. City of Rohnert Park, No. C 92-1439, 1992 WL 672965, * 5 (N.D. Cal. May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion").

For this reason, this Court has discretion to decline to consider new facts or arguments raised in a reply. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief."); Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. . . . The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"). Because Plaintiff has been denied an opportunity to respond to the new arguments raised in Amtrak's reply regarding promissory estoppel, this Court will not consider them in ruling on the pending motion to dismiss.

## IV.  CONCLUSION

It appearing that this Court has reviewed the parties' submissions; and for the reasons set forth in this Order, and good cause appearing,

IT IS on this 8th day of August, 2007,

ORDERED that Amtrak's motion to dismiss Plaintiff's Complaint (Docket Entry No. 6) is GRANTED in part and DENIED in part; and it is further

ORDERED that Plaintiff's request to voluntarily dismiss Counts Fifteen (breach of contract) and Sixteen (breach of implied covenant of good faith and fair dealing) of his Complaint shall be granted; and it is further

ORDERED that Plaintiff is directed, pursuant to his voluntary abandonment of his claims asserted in Counts Fifteen and Sixteen, to file a FED. R. CIV. P. 41(a) notice voluntarily dismissing Counts Fifteen and Sixteen of his Complaint with prejudice, within 10 days of the entry of this Order; and it is further

ORDERED that Amtrak's motion to dismiss Plaintiff's causes of action for breach of contract (Count Fifteen), and breach of the implied covenant of good faith and fair dealing (Count Sixteen), is DENIED, as moot; and it is further

ORDERED that Amtrak's motion to dismiss Plaintiff's cause of action for promissory estoppel (Count Seventeen) is DENIED; and it is further

ORDERED that a copy of this Order be served on the parties within seven (7) days of the entry of this Order.

                                s/ Joseph A. Greenaway, Jr.
                                JOSEPH A. GREENAWAY, JR., U.S.D.J.